# Exhibit A

# Court of Common Pleas of Philadelphia County
## Trial Division
# Civil Cover Sheet

**For Prothonotary Use Only (Docket Number)**

**SEPTEMBER 2025**   **00271**

E-Filing Number: 2509004955

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JOSEPH ADAMS | KIMPTON HOTEL MONACO PHILADELPHIA |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 207 SYKES POINT LANE<br>MERRITT ISLAND FL 32953 | 433 CHESTNUT STREET<br>PHILADELPHIA PA 19106 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| CATHERINE SONSINI-ADAMS | KIMPTON GROUP HOLDING, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 207 SYKES POINT LANE<br>MERRITT ISLAND FL 32953 | 222 KEARNEY STREET SUITE 200<br>SAN FRANCISCO CA 94108 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | KHP II CHESTNUT, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 433 CHESTNUT STREET<br>PHILADELPHIA PA 19106 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 5 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**
- [ ] $50,000.00 or less
- [X] More than $50,000.00

**COURT PROGRAMS**
- [ ] Arbitration
- [X] Jury
- [ ] Non-Jury
- [ ] Other:
- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition
- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

**CASE TYPE AND CODE**
2S - PREMISES LIABILITY, SLIP/FALL

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
SEP 03 2025
B. BALILONIS

**IS CASE SUBJECT TO COORDINATION ORDER?**   YES   NO

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JOSEPH ADAMS, CATHERINE SONSINI-ADAMS

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| GARY SOLOMON | 555 CITY LINE AVE<br>SUITE 500<br>BALA CYNWYD PA 19004 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (610)667-7511 | (610)667-3440 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 52730 | gary@lowenthalabrams.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| GARY SOLOMON | Wednesday, September 03, 2025, 11:22 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. KIMPTON HOTEL MONACO PHILADELPHIA
    433 CHESTNUT STREET
    PHILADELPHIA PA 19106
2. KIMPTON GROUP HOLDING, LLC
    222 KEARNEY STREET SUITE 200
    SAN FRANCISCO CA 94108
3. KHP II CHESTNUT, LLC
    433 CHESTNUT STREET
    PHILADELPHIA PA 19106
4. JOHN DOE HOTEL
    433 CHESTNUT STREET
    PHILADELPHIA PA 19106
5. JOHN DOE BELLHOP/HOTEL EMPLOYEE
    433 CHESTNUT STREET
    PHILADELPHIA PA 19106

LOWENTHAL & ABRAMS, P.C.
By:   Gary Solomon, Esquire
Identification No. 52730
555 City Line Avenue, Suite 500
Bala Cynwyd, PA  19004
(610) 667-7511

THIS IS NOT AN ARBITRATION
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

*Filed and Attested by the Office of Judicial Records 25 NOV 2025 11:22 am B. BALILONIS*

Attorney for Plaintiff

| | | |
|---|---|---|
| JOSEPH ADAMS and CATHERINE SONSINI-ADAMS | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | : | |
| KIMPTON HOTEL MONACO PHILADELPHIA, KIMPTON GROUP HOLDING, LLC, KHP II CHESTNUT, LLC, JOHN DOE HOTEL, and JOHN DOE BELLHOP/HOTEL EMPLOYEE | : | NO. |

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentr a escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

Case ID: 250900271

| | |
|---|---|
| LOWENTHAL & ABRAMS, P.C.<br>By:     Gary Solomon, Esquire<br>Identification No. 52730<br>555 City Line Avenue, Suite 500<br>Bala Cynwyd, PA  19004<br>(610) 667-7511 | THIS IS NOT AN ARBITRATION CASE<br>ASSESSMENT OF DAMAGES<br>HEARING IS REQUIRED<br><br>Attorney for Plaintiff |
| JOSEPH ADAMS<br>207 Sykes Point Lane<br>Merritt Island, FL 32953<br>   and<br>CATHERINE SONSINI-ADAMS<br>207 Sykes Point Lane<br>Merritt Island, FL 32953<br><br>          v.<br><br>KIMPTON HOTEL MONACO PHILADELPHIA<br>433 Chestnut Street<br>Philadelphia, PA 19106<br>   and<br>KIMPTON GROUP HOLDING, LLC<br>222 Kearney Street, Suite 200<br>San Francisco, CA 94108<br>   and<br>KHP II CHESTNUT, LLC<br>433 Chestnut Street<br>Philadelphia, PA 19106<br>   and<br>JOHN DOE HOTEL<br>433 Chestnut Street<br>Philadelphia, PA 19106<br>   and<br>JOHN DOE BELLHOP/HOTEL EMPLOYEE<br>c/o Kimpton Hotel Monaco Philadelphia<br>433 Chestnut Street<br>Philadelphia, PA 19106 | : COURT OF COMMON PLEAS<br>: PHILADELPHIA COUNTY<br>:<br>: NO. |

## **COMPLAINT**

Case ID: 250900271

1. Plaintiff Joseph Adams is an adult individual residing at 207 Sykes Point Lane, Merritt Island, FL 32953.

2. Plaintiff Catherine Sonsini-Adams is the wife of Plaintiff Joseph Adams and is an adult individual residing at 207 Sykes Point Lane, Merritt Island, FL 32953.

3. Defendant Kimpton Hotel Monaco Philadelphia is a hotel and business organization with an address at 433 Chestnut Street, Philadelphia, PA 19106.

4. Defendant Kimpton Group Holding, LLC is a business organization with an address at 222 Kearney Street, Suite 200, San Francisco, CA 94108.

5. Defendant KHP II Chestnut, LLC is a business organization with a business address at 433 Chestnut Street, Philadelphia, PA 19106.

6. Defendant John Doe Hotel owned and/or operated the hotel at which the incident described in Plaintiffs' Complaint occurred, located at 433 Chestnut Street, Philadelphia, PA 19106.

7. John Doe Hotel's actual name is unknown to Plaintiffs after having conducted a reasonable search with due diligence.

8. Defendant John Doe Bellhop/Hotel Employee (hereinafter "John Doe Bellhop") is the bellhop involved in the incident described in Plaintiffs' Complaint, with an address at 433 Chestnut Street, Philadelphia, PA 19106.

9. John Doe Bellhop/Hotel Employee's actual name is unknown to Plaintiffs after having conducted a reasonable search with due diligence.

10. Defendant John Doe Bellhop at all relevant times was an employee and/or agent of Defendants Kimpton Hotel Monaco Philadelphia, Kimpton Group Holding, LLC, KHP II Chestnut, LLC, and John Doe Hotel and was working in the course and scope of his authority

Case ID: 250900271

and employment with Defendants Kimpton Hotel Monaco Philadelphia, Kimpton Group Holding, LLC, KHP II Chestnut, LLC, and John Doe Hotel.

11. At all relevant times, all Defendants acted individually and through their agents, workers and/or employees, all of whom were working in the course and scope of their authority and employment with Defendants.

12. On November 1, 2024, Plaintiffs Joseph Adams and Catherine Sonsini-Adams were patrons at the Kimpton Hotel Monaco Philadelphia located at 433 Chestnut Street, Philadelphia, PA.

13. During the afternoon of that same day, Plaintiffs were getting ready to board an elevator when Defendant John Doe Bellhop, with a large luggage cart filled with suitcases, boarded the elevator ahead of Plaintiffs, and one other passenger.

14. After Plaintiffs entered the elevator, they stood on the right side of the elevator door. When the elevator reached the floor that Defendant John Doe Bellhop was going to, Plaintiff began to exit the elevator to give Defendant John Doe Bellhop room to exit when, suddenly and without warning, Defendant John Doe Bellhop slammed the baggage cart into Plaintiff's left leg with such force to cause the left side of Plaintiff's body to slam into one of the elevator's support beams.

15. The aforesaid incident resulted solely from the negligence and carelessness of Defendants, including Defendant John Doe Bellhop, who was working in the course and scope of his employment with Defendants Kimpton Hotel Monaco Philadelphia, Kimpton Group Holding, LLC, KHP II Chestnut, LLC, and John Doe Hotel, and was due in no part to any act or failure to act on the part of Plaintiff.

16. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff was caused to suffer: lumbar disc injuries; exacerbation of lumbar spine condition; right knee contusion; injury to Plaintiff's recently replaced right knee; left hip contusion; exacerbation of left hip arthritis; left hip injury ultimately requiring a left hip replacement; left leg laceration; and other injuries to his muscles, ligaments, nerves and nervous system, any and all of which may be permanent in nature, all of which have caused him great pain and suffering, all to his great loss and detriment.

17. As a further result of the negligence of Defendants, Plaintiff has suffered and continues to suffer physical, mental, and emotional pain.

18. As a further result of the negligence of Defendants, Plaintiff has suffered loss of life's pleasures and loss of the enjoyment of life.

19. As a further result of the negligence of Defendants, Plaintiff has suffered scarring and disfigurement.

20. As a further result of the negligence of Defendants, Plaintiff has been obligated to seek medical treatment for his injuries and has incurred medical expenses in the past and will continue to incur medical expenses in the future.

21. As a further result of the negligence of Defendants, Plaintiff is limited in his ability to fully tend to and enjoy his usual daily activities.

### COUNT I
### PLAINTIFF JOSEPH ADAMS V. DEFENDANT KIMPTON HOTEL MONACO PHILADELPHIA

22. Paragraphs 1 through 21 are incorporated herein by reference as though set forth at length herein.

Case ID: 250900271

23. At all relevant times, Defendant John Doe Bellhop was an employee and/or agent of Defendant Kimpton Hotel Monaco Philadelphia and accordingly, Defendant Kimpton Hotel Monaco Philadelphia is liable for his negligent conduct.

24. The negligence and carelessness of Defendant Kimpton Hotel Monaco Philadelphia consisted of the following:

   a. Slamming the baggage cart into Plaintiff;

   b. Failing to properly control the baggage cart;

   c. Being inattentive and otherwise distracted while moving the baggage cart;

   d. Failing to look where he was going while moving the baggage cart;

   e. Failing to pay proper attention while moving the baggage cart;

   f. Failing to properly manage, train and supervise its agents, workers and employees, including Defendant John Doe Bellhop, in connection with proper operation of baggage carts;

   g. Failing to formulate, implement and determine compliance with policies and procedures necessary to ensure that its bellhops do not injure patrons;

   h. Failing to formulate, implement and determine compliance with policies and procedures necessary to ensure proper operation of baggage carts by its employees;

   i. Failing to properly control and direct its agent/employee, John Doe Bellhop;

   j. Allowing incompetent bellhops, such as Defendant John Doe Bellhop, to work at its hotel; and

   k. Failing to ensure that Defendant John Doe Bellhop was in proper condition to work on the day of the incident.

25. As a result of the negligence and carelessness of Defendant, Plaintiff has suffered the injuries and damages set forth above and incorporated by reference.

Case ID: 250900271

WHEREFORE, Plaintiff Joseph Adams demands judgment in his favor against Defendant Kimpton Hotel Monaco Philadelphia for a sum in excess of $50,000 together with interest and costs of suit.

## COUNT II
## PLAINTIFF JOSEPH ADAMS V. DEFENDANT KIMPTON GROUP HOLDING, LLC

26. Paragraphs 1 through 25 are incorporated herein by reference as though set forth at length herein.

27. At all relevant times, Defendant John Doe Bellhop was an employee and/or agent of Defendant Kimpton Group Holdings, LLC and accordingly, Defendant Kimpton Group Holdings, LLC is liable for his negligent conduct.

28. The negligence and carelessness of Defendant Kimpton Group Holdings, LLC consisted of the following:

   a. Slamming the baggage cart into Plaintiff;

   b. Failing to properly control the baggage cart;

   c. Being inattentive and otherwise distracted while moving the baggage cart;

   d. Failing to look where he was going while moving the baggage cart;

   e. Failing to pay proper attention while moving the baggage cart;

   f. Failing to properly manage, train and supervise its agents, workers and employees, including Defendant John Doe Bellhop, in connection with proper operation of baggage carts;

   g. Failing to formulate, implement and determine compliance with policies and procedures necessary to ensure that its bellhops do not injure patrons;

   h. Failing to formulate, implement and determine compliance with policies and procedures necessary to ensure proper operation of baggage carts by its employees;

   i. Failing to properly control and direct its agent/employee, John Doe Bellhop;

Case ID: 250900271

    j. Allowing incompetent bellhops, such as Defendant John Doe Bellhop, to work at its hotel; and

    k. Failing to ensure that Defendant John Doe Bellhop was in proper condition to work on the day of the incident.

29. As a result of the negligence and carelessness of Defendant, Plaintiff has suffered the injuries and damages set forth above and incorporated by reference.

WHEREFORE, Plaintiff Joseph Adams demands judgment in his favor against Defendant Kimpton Group Holdings, LLC for a sum in excess of $50,000 together with interest and costs of suit.

## COUNT III
## PLAINTIFF JOSEPH ADAMS V. DEFENDANT KHP II CHESTNUT, LLC

30. Paragraphs 1 through 29 are incorporated herein by reference as though set forth at length herein.

31. At all relevant times, Defendant John Doe Bellhop was an employee and/or agent of Defendant KHP II Chestnut, LLC and accordingly, Defendant KHP II Chestnut, LLC is liable for his negligent conduct.

32. The negligence and carelessness of Defendant KHP II Chestnut, LLC consisted of the following:

    a. Slamming the baggage cart into Plaintiff;

    b. Failing to properly control the baggage cart;

    c. Being inattentive and otherwise distracted while moving the baggage cart;

    d. Failing to look where he was going while moving the baggage cart;

    e. Failing to pay proper attention while moving the baggage cart;

    f. Failing to properly manage, train and supervise its agents, workers and employees, including Defendant John Doe Bellhop, in connection with proper operation of baggage carts;

Case ID: 250900271

    g.  Failing to formulate, implement and determine compliance with policies and procedures necessary to ensure that its bellhops do not injure patrons;

    h.  Failing to formulate, implement and determine compliance with policies and procedures necessary to ensure proper operation of baggage carts by its employees;

    i.  Failing to properly control and direct its agent/employee, John Doe Bellhop;

    j.  Allowing incompetent bellhops, such as Defendant John Doe Bellhop, to work at its hotel; and

    k.  Failing to ensure that Defendant John Doe Bellhop was in proper condition to work on the day of the incident.

33.  As a result of the negligence and carelessness of Defendant, Plaintiff has suffered the injuries and damages set forth above and incorporated by reference.

WHEREFORE, Plaintiff Joseph Adams demands judgment in his favor against Defendant KHP II Chestnut, LLC for a sum in excess of $50,000 together with interest and costs of suit.

## COUNT IV
## PLAINTIFF JOSEPH ADAMS V. DEFENDANT JOHN DOE HOTEL

34.  Paragraphs 1 through 33 are incorporated herein by reference as though set forth at length herein.

35.  At all relevant times, Defendant John Doe Bellhop was an employee and/or agent of Defendant John Doe Hotel and accordingly, Defendant John Doe Hotel is liable for his negligent conduct.

36.  The negligence and carelessness of Defendant John Doe Hotel consisted of the following:

    a.  Slamming the baggage cart into Plaintiff;

    b.  Failing to properly control the baggage cart;

    c.  Being inattentive and otherwise distracted while moving the baggage cart;

    d.  Failing to look where he was going while moving the baggage cart;

    e.  Failing to pay proper attention while moving the baggage cart;

    f.  Failing to properly manage, train and supervise its agents, workers and employees, including Defendant John Doe Bellhop, in connection with proper operation of baggage carts;

    g.  Failing to formulate, implement and determine compliance with policies and procedures necessary to ensure that its bellhops do not injure patrons;

    h.  Failing to formulate, implement and determine compliance with policies and procedures necessary to ensure proper operation of baggage carts by its employees;

    i.  Failing to properly control and direct its agent/employee, John Doe Bellhop;

    j.  Allowing incompetent bellhops, such as Defendant John Doe Bellhop, to work at its hotel; and

    k.  Failing to ensure that Defendant John Doe Bellhop was in proper condition to work on the day of the incident.

37. As a result of the negligence and carelessness of Defendant, Plaintiff has suffered the injuries and damages set forth above and incorporated by reference.

WHEREFORE, Plaintiff Joseph Adams demands judgment in his favor against Defendant John Doe Hotel for a sum in excess of $50,000 together with interest and costs of suit.

## COUNT V
## PLAINTIFF JOSEPH ADAMS V. DEFENDANT JOHN DOE BELLHOP/HOTEL EMPLOYEE

38. Paragraphs 1 through 37 are incorporated herein by reference as though set forth at length herein.

39. At all relevant times, Defendant John Doe Bellhop was an employee and/or agent of all Defendants and accordingly, Defendants are liable for his negligent conduct.

40. The negligence and carelessness of Defendant John Doe Bellhop consisted of the following:

    a. Slamming the baggage cart into Plaintiff;

    b. Failing to properly control the baggage cart;

    c. Being inattentive and otherwise distracted while moving the baggage cart;

    d. Failing to look where he was going while moving the baggage cart;

    e. Failing to pay proper attention while moving the baggage cart; and

    f. Failing to be in proper condition to work on the day of the incident.

41. As a result of the negligence and carelessness of Defendant, Plaintiff has suffered the injuries and damages set forth above and incorporated by reference.

WHEREFORE, Plaintiff Joseph Adams demands judgment in his favor against Defendant John Doe Bellhop/Hotel Employee for a sum in excess of $50,000 together with interest and costs of suit.

## COUNT VI
## PLAINTIFF CATHERINE SONSINI-ADAMS V. ALL DEFENDANTS

42. Paragraphs 1 through 41 are incorporated herein by reference as though set forth at length herein.

43. At all relevant times, Plaintiff Catherine Sonsini-Adams was and is the wife of Plaintiff Joseph Adams.

44. Plaintiff Catherine Sonsini-Adams avers that as a direct and proximate result of the negligence and carelessness of Defendants, and the resulting injuries to Plaintiff Joseph Adams, she has been deprived of the companionship, society, services, and consortium of her husband, Joseph Adams.

WHEREFORE, Plaintiff Catherin Sonsini-Adams demands judgment in her favor against all Defendants for separate sums in excess of $50,000 together with interest and costs of suit.

                                      LOWENTHAL & ABRAMS, P.C.

BY:   /s/ *Gary Solomon*
                GARY SOLOMON, ESQUIRE

Case ID: 250900271

## **VERIFICATION**

I, JOSEPH ADAMS, hereby verify that I am the plaintiff in the within action; that the statements made in the foregoing Complaint are true and correct to best of my knowledge, information and belief; and that this Verification is made subject to the penalties of 18 Cons. Stat. Ann. § 4904, relating to unsworn falsification to authorities.

Signed by:

[signature]
2BC5905FBE0B486...

JOSEPH ADAMS

Case ID: 250900271